IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**RACHAEL DEMEIO,**            )
                               )
       Plaintiff,    )
                               )
   v.                        )   2:18cv260
                               )   **Electronic Filing**
**PPG INDUSTRIES, INC.,**      )
       Defendant.    )

## MEMORANDUM ORDER

AND NOW, this 9th day of March, 2020, upon due consideration of 1) defendant PPG Industries, Inc.'s motion for summary judgment and the parties' submissions in conjunction therewith and 2) the Report and Recommendation of Magistrate Judge Maureen P. Kelly addressing the same and the parties' submissions in conjunction therewith, and after *de novo* review of the record, IT IS ORDERED that [55] defendant's motion for summary judgment be, and the same hereby is, denied. The [70] Report and Recommendation of the Magistrate Judge as augmented therein is adopted as the opinion of the court.

Defendant's objections are without merit. First, as aptly explained by Judge Kelly, there is more than ample evidence to establish that defendant's actions led plaintiff to have a reasonable belief that an arrangement would be worked out that would permit her to remain as an employee. Whether analyzed from plaintiff's level of understanding or the impact of defendant's actions with regard thereto, plaintiff's filing with the EEOC cannot be found to be untimely as a matter of law. Consequently, defendant cannot be granted summary judgment on the ground of untimeliness.

Second, defendant's contention that the Magistrate Judge improperly applied and expanded the existing authority on "sex plus" gender discrimination claims is unavailing. Judge Calabresi's opinion in Back v. Hastings on Hudson Union Free School District, 224 F.3d 33 (2d

Cir. 2000), the body of precedent from which that opinion drew support, and the progeny of the opinion supply more than a sound basis for the Magistrate Judge's analysis of plaintiff's gender-plus claim. As Judge Ambro recently opined for the panel in Xu Feng v. University of Delaware, 785 F. App'x 53 (3d Cir. 2019):

> The Second Circuit has expounded at length on the reasons why comparator evidence is not indispensable, namely that "the ultimate issue is the reasons for the individual plaintiff's treatment, not the relative treatment of different groups." Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) (emphasis in original). Thus, in the employment discrimination context "discrimination against one employee cannot be cured, or disproven, solely by favorable, or equitable, treatment of other employees of the same race or sex . . . . And, whether an employee discriminates against only a subset of a protected class, or discriminates inconsistently, Title VII nevertheless protects any individual so long as that individual is mistreated because of her sex." Id. at 252–53 (citation omitted). And, conversely, there is no requirement that a plaintiff in, for example, a sex discrimination case show that the defendant has "treated similarly situated men differently." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 121 (2d Cir. 2004).

Xu Feng, 785 F. App'x at 57; accord Weightman v. Bank of New York Mellon Corp., 772 F. Supp.2d 693, 701-2 (W.D. Pa. 2011) (Lancaster, J.) (following the Supreme Court's teachings in Phillips v. Martin Marietta Corp., 400 U.S. 542, 544 (1971), that employees may advance a gender discrimination claim even if all members of the gender are not subjected to the discriminatory practice or treatment and recognizing that although a sex-plus case remains at base a form of gender discrimination, "an employer who treats women with small children differently than women without small children would be liable for sex-plus discrimination; with the 'plus' being stereotypical assumptions regarding women's childcare responsibilities.").

     Against this backdrop, defendant's protestations to the contrary are wide of the mark. Defendant has generated an array of evidence from which it might convince the trier of fact that its conduct did not reflect stereotyping that a woman with young children would not be able to meet the requirements of a demanding position while remote commuting from home because of

2

preconceived notions of her family responsibilities and priorities, and instead reflected nothing more than an unbiased, gender-neutral comment and subsequent benign office management. But such determinations are not ones based on the sufficiency of the evidence and therefore must be resolved by a jury.

Similarly, the notion that Purdy's statement was somehow a "non-gendered stray remark that was irrelevant to plaintiff's gender" is belied by the same authority and the additional cases discussed in the Magistrate Judge's Report and Recommendation. A jury may well be convinced that the remark and the conduct attributable to defendant that followed only was predicated on the innocuous belief that it would be difficult for any individual, regardless of gender, to fulfill the job duties required of plaintiff's former position as modified through a combination of remote and in office presence. But 1) plaintiff's ability to perform her unmodified position after the birth of her first child and 2) the manner in and location from which the person who had the hydrocarbon PFP responsibilities previously performed that component of the newly modified position supply a firm basis for the trier of fact to conclude otherwise.

Finally, defendant's contention that there is insufficient evidence of a causal connection to support a retaliatory treatment claim is undermined sufficiently by the evidence highlighted in the Report and Recommendation. The finder of fact may well believe that there was a change between Purdy's original intentions for plaintiff's future career development and the treatment that followed once it became known plaintiff had filed a complaint with the EEOC; the admissions that plaintiff's supervisors were angered and frustrated upon learning of the filing; and the lackluster efforts by defendant's management to open a pathway for plaintiff's successful return to fulltime employment that would have been comparable to her prior prospects or otherwise desirable for an individual given the circumstances. This body of evidence provides

3

an adequate foundation for the jury to find the existence of a materially adverse employment action and a causal connection between that action and the protected activity.

While a jury may well view the evidence and the scenes of the entire play derived therefrom in the manner advocated by defendant, it is not this court's prerogative to do so at this juncture. Accordingly, we decline defendant's invitation to confine the precedent and segment and analyze the pieces of evidence in order to reach the conclusion that a violation of the law could not have occurred here. In short, material issues of fact abound and defendant's motion for summary judgment properly has been denied.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Bruce C. Fox, Esquire
      Andrew J. Horowitz, Esquire
      Qiwei Chen, Esquire
      Jill M. Weimer, Esquire
      Sarah J. Miley, Esquire

      (*Via CM/ECF Electronic Mail*)